The STATE of Oklahoma, Appellant,

v.

DIGGER SLOT MACHINES, Seized From Challenges Game Room, 1901 Northwest Highway, Oklahoma City, Oklahoma on July 28, 1988, Appellee.

No. 72515.

Court of Appeals of Oklahoma, Division No. 2.

Nov. 27, 1990.

Aletia C. Haynes, Asst. Dist. Atty., Oklahoma City, for appellant.

David P. Page, Carol A. Grissom, Boone, Smith, Davis & Hurst, Tulsa, for appellee Recreational Concepts, Inc.

REIF, Presiding Judge.

■ The District Attorney of Oklahoma County appeals the dismissal of the State's application to forfeit a coin-operated amusement machine pursuant to 21 O.S. Supp.1989 § 973. The District Attorney alleged that the machine was a "slot machine" as defined by § 964. The trial court held that a three-and-one-half-month lapse between the seizing officer's report to the District Attorney and the service of forfeiture notice on the machine's owner constituted noncompliance with the statutory forfeiture procedure that warranted dismissal.

The record reflects that there was an initial delay of some five-and-one-half weeks between the seizing officer's report of August 1, 1988, and the filing of the first application for forfeiture on September 12, 1988. Further delay resulted from the State's failure to give the machine owner notice that forfeiture had been initiated, necessitating the filing of a second application of forfeiture on November 1, 1988, with service on the owner finally effected November 18, 1988.

■ The plain language of § 973 reveals legislative intent for the State to seek expeditious judicial review of warrantless seizures of suspected gambling devices by requiring the District Attorney to file an application for forfeiture "immediately" following the report from the seizing officer. Prompt and diligent pursuit of judicial forfeiture proceedings affords due process protection to property owners and a reasonable opportunity to contest the deprivation of their property. These considerations call for strict compliance by the State with the statutory forfeiture procedure.

In cases like the instant one where the State's noncompliance has unduly delayed judicial review of a warrantless seizure of property, dismissal is an appropriate remedy to redress denial of due process and to promote strict compliance with the statutory procedure in future cases.[1] Accordingly, we find no error or abuse of discretion by the trial court and affirm the dismissal and return of the machine.

AFFIRMED.

BRIGHTMIRE, C.J., and MEANS, J., concur.

---

1. In their briefs before the trial court and on appeal, both parties describe the machine in question as a coin-activated claw device that can be maneuvered by a player in an attempt to retrieve a stuffed toy from an enclosed area of the machine. Two licenses were affixed to the machine and the owner's brief explains that one was a city amusement license and the other was a State bulk vending license. The State does not dispute that the machine was licensed for such legitimate uses, but claims that the machine was being used for "win or lose" gambling at the time it was seized. Clearly, the claw machine is not a slot machine or gambling device per se, but is valuable property with legitimate taxable uses. The State had a reasonable opportunity to establish that the machine was being used as a gambling device, but did not timely and diligently do so. The excessive delay involved has deprived the owner of the legitimate use of the machine without due process of law and justice demands that the property be restored to the owner for legitimate uses.