STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

FIVE HUNDRED FORTY–EIGHT DOLLARS AND THIRTEEN CENTS ($548.13) IN U.S. CURRENCY, Appellee,

and

James W. Pine, Claimant.

No. 82627.

Court of Appeals of Oklahoma, Division No. 1.

May 24, 1994.

Douglas R. Young, Oklahoma City, for appellant.

Royce A. Hobbs, Perry, for appellee.

## OPINION

HANSEN, Judge:

Appellant, the Department of Public Safety (DPS), seeks review of the trial court's order which dismissed this forfeiture action brought by DPS under 63 O.S.Supp.1992, § 2–503. DPS sought forfeiture of Five Hundred Forty Eight Dollars and Thirteen Cents ($548.13) which was seized in connection with a cocaine bust of James W. Pine on September 27, 1992.[1] The trial court dismissed the forfeiture action on the basis the four-month period from the seizure of the currency to the service of forfeiture notice deprived Pine of due process. The trial court relied exclusively on *State v. Digger Slot Machines,* 802 P.2d 652 (Okla.App.1990).

The money was seized on September 27, 1992. An OSBI report dated October 26, 1992, shows the substance seized was cocaine. The January 12, 1993, affidavit of the Oklahoma State Highway Patrol Trooper who seized the cocaine and the $548.13, indicates the money was in close proximity to the controlled dangerous substance and was seized because Pine was in violation of the Uniform Controlled Dangerous Substances Act, 63 O.S.Supp.1992, § 2–101 et seq. No-

tice of seizure and forfeiture was filed by DPS on January 19, 1993, seven days after the affidavit from the Trooper. Two days later, a copy of the Notice was sent via certified mail to Pine. Service of the Notice was effected on Pine on February 4, 1993.

▪ Under 63 O.S.Supp.1992, § 2–503(A)(7), all monies, coin and currency found in close proximity to forfeitable substances are subject to forfeiture. Under § 2–503(A)(1), all controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, concealed or possessed in violation of the Uniform Controlled Dangerous Substances Act are subject to forfeiture. 63 O.S.Supp.1992, § 2–506 provides for the seizure and forfeiture of such properties. Subsection B of § 2–506 provides:

> B. Notice of seizure and intended forfeiture proceeding shall be filed in the office of the clerk of the district court for the county wherein such property is seized and shall be given all owners and parties in interest.

Notice may be sent to interested parties via certified mail. 63 O.S.Supp.1992, § 2–506(C)(1). Within 45 days after the mailing of notice, the owner of the property may file a verified answer and claim to the property. 63 O.S.Supp.1992, § 2–506(D).

Section 2–506 does not prescribe a specific time within which the notice of seizure and intended forfeiture must be served, or a time period after the seizure within which the forfeiture action must be filed. However, under 12 O.S.1991, § 95 (Fourth), the statute of limitations for actions upon a statute of forfeiture is one year, except where the statute imposing the forfeiture prescribes a different limitation. There is no dispute DPS filed its Notice of Seizure and Forfeiture on January 19, 1993, roughly four months after the money was seized. Even though filed within the statutory period, the question remains whether Pine's due process rights were violated.

The trial court relied exclusively on *Digger, supra.* In *Digger,* this Court affirmed

---

1. Pine was stopped for traffic violations. During a search of the tractor-trailer rig, police found cocaine. Pine was arrested and later pled guilty to the felony offense of Unlawful Possession of Cocaine.

the dismissal of the State's application to forfeit a coin-operated amusement machine pursuant to 21 O.S.Supp.1989, § 973. The record in that case showed a 5½ week delay between the seizing officer's report and the filing of the first application for forfeiture. Further delay resulted from the State's failure to give the owner proper statutory notice.

The forfeiture statute in *Digger*, differs from the drug forfeiture statute in that under § 973, the seizing officer is required "immediately following such seizure", to report the same to the district attorney. The district attorney then, shall "immediately following such report, file an application" in district court against the slot machine or other property seized. Upon filing, the district attorney must give an owner notice, including an opportunity to appear at a post-seizure hearing within five days from the date the application was filed.

■ Section 2–506 contains no specific language such as "immediately" and does not set a five-day post-seizure hearing. Under the plain language of the statutes, DPS had one year within which to bring the forfeiture action. In *Digger*, the State had not complied with the notice requirements of the statute and this noncompliance "unduly delayed" judicial review of the seizure. In the present case, there is no evidence DPS did not comply with statutory notice requirements.

■ In *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the United States Supreme Court affirmed the district court's determination the government's 18–month delay in filing a civil proceeding for forfeiture of currency under the Bank Secrecy Act of 1970, 31 U.S.C. § 1101, did not violate the claimant's right to due process of law. In *$8,850*, the Court adopted the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine when a delay in filing a forfeiture action is unreasonable. The *Barker* test involves a weighing of four factors: length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. *$8,850*, 461 U.S. at 564, 103 S.Ct. at 2012.

The length of the delay is four months. One of those months was spent waiting for the OSBI report on the cocaine. In order to seize monies under § 2–503(A)(7), the monies must have been in "close proximity to forfeitable substances" or drug paraphernalia or records. This "forfeitable substances" requirement necessarily involves a determination the substance is indeed forfeitable as violative of the Controlled Dangerous Substances Act. Unlike the forfeiture of slot machines in *Digger*, some amount of time must be allowed for the State to run chemical tests before proceeding in forfeiture under § 2–503. Two and a half months passed after receipt of the OSBI report before DPS procured an affidavit from the State Trooper. After obtaining the affidavit, the notice of seizure and forfeiture was filed within one week. At the hearing, the only explanation offered was DPS's "logistical problem" of prosecuting its forfeiture actions in all 77 counties.

At the hearing, Pine's attorney did not present any evidence Pine had suffered any prejudice from the four-month lapse, or that Pine had asserted his rights to the money since the time it was seized. Pine simply maintains four months is per se unreasonable and violative of due process.[2] By itself, we cannot conclude four months between seizure and filing is per se unreasonable. Although there may be instances in which four months is unreasonable and hence violative of due process, under the facts of this case, the four months is not.

The judgment of the trial court which dismisses the forfeiture proceeding is RE-VERSED and this cause is REMANDED.

JONES, P.J., and ADAMS, J., concur.

**2.** We assume the due process violation is grounded in Art. 2, § 7 of the Oklahoma Constitution which provides: "No person shall be deprived of life, liberty, or property, without due process of law" and in the Fourteenth Amendment to the United States Constitution.